UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Vincent d/b/a Vincent Patrick PRICE,<br><br>                               Plaintiff,<br>v.<br>SAN DIEGO POLICE DEPARTMENT,<br>A-Z Towing,<br><br>                             Defendants. | Case No.: 24-cv-1758-AGS-BLM<br><br>**ORDER GRANTING IN FORMA PAUPERIS MOTION (ECF 2) AND SCREENING AND DISMISSING COMPLAINT (ECF 1)** |

    Plaintiff Vincent Patrick Price's motion to proceed without paying the initial filing fee is granted. But his complaint does not state a claim for relief. The Court thus dismisses the case with leave to amend.

### IFP Motion

    Typically, parties instituting a civil action in a United States district court must pay filing fees of $405.[1] *See* 28 U.S.C. § 1914(a). But if granted the right to proceed in forma pauperis, a plaintiff need not pay those fees. *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

    Price claims to have assets of $1,200 in cash and two cars valued at $12,000. (ECF 2, at 1–3.) But he is unemployed, only made $100 dollars last month, and reports living expenses that equal those earnings. (ECF 2, at 5.) Based on these claims, the Court finds that Price has sufficiently shown an inability to pay the initial fees. *See Blount v. Saul*, No. 21-cv-0679-BLM, 2021 WL 1561453, at *1 (S.D. Cal. Apr. 21, 2021) ("It is well-settled that a party need not be completely destitute to proceed IFP."); *see also Escobedo v. Applebees*, 787 F.3d 1226, 1228 (9th Cir. 2015) (granting IFP motion when the plaintiff and his spouse earned about $1,250 per month with $2,350 in monthly expenses, no savings, and additional assets totaling $256,500).

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023).

1

| | |
|---|---|
| 1 | **28 U.S.C. § 1915(e) Screening** |

When reviewing an IFP motion, the court must screen the complaint and dismiss it if it is "frivolous or malicious," "fails to state a claim," or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). Courts must consider the complaint in its entirety," including "documents incorporated into the complaint by reference" to be part of the pleading when determining whether the plaintiff has stated a claim upon which relief may be granted. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

Price brings a civil-right claim based on 42 U.S.C. § 1983 against the San Diego Police Department and A-Z Towing because his car was towed from a public street in San Diego. (ECF 1, at 4.) Price asserts that this towing violated his rights because the "license plate" he has "on this Automobile" says the car is "**EXEMPT**" due to U.C.C. provisions, "D.O.T. EXEMPT," and a "PRIVATE - AUTOMOBILE." (*Id.* at 4, 8.) Price seeks damages between "$69,120,000–$432,000,000" because that same license plate has a "Notice of FEE Schedule" whereby "you agree to pay $10,000 for each minute delayed or detained from a non-emergency traffic stop." (*Id.* at 4.) But in his complaint, he indicates he is willing "in good faith" to "mitigate damages to $1,600 per minute." (*Id.*) He also seeks injunctive relief (*Id.*)

To say that this claim as written is frivolous is to give it more than its due. A § 1983 civil-rights claim permits recovery against state officials for the "deprivation of any rights, privileges, or immunities secured by the *Constitution and laws*." 42 U.S.C. § 1983 (emphasis added). A license plate that is apparently not issued by any sovereignty is not a

basis of law for the purposes of § 1983. (*See* ECF 1, at 8 (picture of the license plate claiming to be from "The Republic for the Several States of the Union," albeit in fancy script)); *see also Tanzin v. Tanvir*, 592 U.S. 43, 50 (2020) (holding that "§ 1983" permits "monetary recovery against officials who violated 'clearly established' federal law").

Although he does not say as much, perhaps Price intends to bring a claim under due process for the towing, separate and apart from his frivolous license-plate theory. That is certainly a common enough theory. *See, e.g.*, *Clement v. City of Glendale*, 518 F.3d 1090, 1093–95 (9th Cir. 2008) (discussing the appropriateness of due-process notice in various towing contexts). The problem with this reimagining of Price's complaint is that his own exhibits appear to foreclose it as an avenue of relief. After all, his attached license plate photos show no evidence that his car was registered with the state and authorized to be on the public roads, and the content of Price's license plate strongly suggests it was not so registered. (ECF 1, at 7–8 (claiming to be "exempt")); *see* Cal. Vehicle Code 5204(a)(1) (requiring license plate "tabs" showing the registration dates). The Ninth Circuit has recognized that a "tow" without notice may be "appropriate where there are no current registration stickers." *Clement*, 518 F.3d at 1094–95. Regardless, even reconceived this way, this complaint does not plausibly state a claim.

Nonetheless, a "district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (cleaned up). In light of Price's pro se status, the Court grants him an opportunity to amend his pleading to address the above defects and set out a plausible claim.

## Conclusion

Price's IFP motion (ECF 2) is **GRANTED**. But his complaint is **DISMISSED** with leave to amend. By December 20, 2024, Price must file any amended complaint, remedying the identified deficiencies. If he fails to do so by that date, the Court may enter a final order dismissing this case, based both on his failure to state a claim and his failure to prosecute in compliance with a court order requiring amendment. "If a plaintiff does not take

advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action." *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005).

Dated: November 27, 2024

_____
Andrew G. Schopler
United States District Judge