UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Vincent d/b/a Vincent Patrick PRICE,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>SAN DIEGO POLICE DEPARTMENT,<br>A-Z Towing,<br><br>　　　　　　　　　　　Defendants. | Case No.: 24-cv-1758-AGS-BLM<br><br>**ORDER DENYING MOTION TO RECONSIDER (ECF 4) AND CLOSING CASE** |

　　This Court dismissed plaintiff Vincent Price's complaint about his car-towing for being frivolous and for failing to state a claim. (*See* ECF 3.) In short, the Court concluded that his claim for millions of dollars generally failed, whether based on (1) his apparently homemade license plate's self-declared "**EXEMPT**" status from towing or (2) "due process." (*Id.* at 2–3.) But he was given until "December 20, 2024," to file an amended complaint addressing the "defects" in his complaint. (*Id.* at 3.) Instead of filing a new complaint with additional factual allegations, Price elected to file a one-page "Answer" that argues this Court's screening order was incorrect because his car's registration was purportedly "not the issue." (*See* ECF 4.)

　　The Court interprets this filing as a motion to reconsider its screening order. A motion to reconsider is uncommon medicine, appropriate only when a court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. IJ v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Since he doesn't offer new evidence nor point to any changed law, the Court presumes Price relies on clear error. In his motion to reconsider, Price—for the first time—claims that his original complaint is based on the constitutional "Right to Travel." (*Compare* ECF 4, at 1, *with* ECF 1.) That is, he argues that his right to travel on public roads with an unregistered automobile is a "Fundamental Right" that cannot be "rightfully deprived." (ECF 4, at 1.)

　　Even such a reimagined complaint, however, would not undermine this Court's

screening order. "Although there is a constitutional right to travel, that right is not unfettered, and it does not include the right to drive a motor vehicle on public roads free from state-government requirements for licensing and registration." *Andreaccio v. Weaver*, 674 F. Supp. 3d 1011, 1021 (D. Nev. 2023). After all, "burdens on a single mode of transportation do not implicate the right to interstate travel." *Miller v. Reed*, 176 F.3d 1202, 1205 (9th Cir. 1999). "The plaintiff's argument that the right to operate a motor vehicle is fundamental because of its relation to the fundamental right of interstate travel is utterly frivolous." *Id.* at 1206 (cleaned up). "What is at issue here is not his right to travel interstate, but his right to operate a motor vehicle on the public highways, and we have no hesitation in holding that this is not a fundamental right." *Id.* (cleaned up).

As "every court to confront it has held," Price's "right-to-travel theory lacks a true basis in the law and is patently frivolous." *See Andreaccio*, 674 F. Supp. 3d at 1021 & n.58 (collecting cases). And nothing suggests this Court made a clear error in its screening order. The motion to reconsider is therefore **DENIED**. Because Price elected not to file an amended complaint, the Clerk is directed to issue a judgment and close this case. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

Dated:  December 23, 2024

Andrew G. Schopler
United States District Judge